UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

JORDAN S.H.,

          Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

          Defendant.

_____

Case No. 20-cv-0511 (ECW)

**ORDER**

The above matter came before the undersigned on February 5, 2021 on Plaintiff's Motion for Summary Judgment (Dkt. 17) and Defendant's Motion for Summary Judgment (Dkt. 20). The Court heard oral argument on the matter and then ruled on the record at the hearing. The Court explained its reasoning in detail during its ruling from the bench, and this Order is intended to briefly restate that ruling.

Judicial review of the Commissioner's denial of benefits is limited to determining whether substantial evidence on the record as a whole supports the decision, 42 U.S.C. § 405(g), or if the ALJ's decision resulted from an error of law. *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1089 (8th Cir. 2018) (citing 42 U.S.C. § 405(g); *Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." *Id.* (quoting *Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007)). The Court "considers evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id.* As the Supreme Court recently

explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Plaintiff has argued that the Residual Functional Capacity ("RFC") he was assigned by the Administrative Law Judge ("ALJ") is not supported by substantial evidence because it fails to include all of the mental limitations imposed by psychologist Dr. Marlin Trulsen's February 2017 consultative opinion—despite the fact that the ALJ assigned those limitations significant weight and that their exclusion is not explained in the ALJ's decision. Defendant has argued that the RFC was consistent with Dr. Trulsen's February 2017 consultative opinion and the record as a whole.

The parties do not dispute that the ALJ gave Dr. Trulsen's opinion with respect to Plaintiff's mental capacity "significant weight." (R. 18-19.) The ALJ considered the limitations that Dr. Trulsen assessed following his February 9, 2017 consultative examination of Plaintiff:

- No general impairment in understanding;
- Slight impairment in remembering and following instructions;
- Slight to occasionally moderate impairment in sustaining attention, concentrating, and carrying out work-like tasks with reasonable persistence and pace due to interference with current mental health difficulties;

- Moderate to occasionally marked impairment in responding appropriately to brief and superficial contact with coworkers and supervisors;

- Slight to moderate impairment in tolerating stress and pressures typically found in an entry level workplace due to interference with current mental health difficulties; and

- No impairment in respecting authority.

(R. 18-19, 411.)

Despite these limitations, the RFC assigned for Plaintiff was as follows:

After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant is limited to understanding, remembering carrying out short, simple instructions. The claimant is limited to interacting appropriately with coworkers, and the general public on an occasional basis. The claimant is limited to responding appropriately to work pressures in a usual work setting. The claimant is limited to being able to respond appropriately to changes in a routine work setting.

(R. 14.)

Plaintiff argues that the RFC does not adequately reflect Dr. Trulsen's limitations with respect to carrying out work-like tasks with reasonable persistence and pace due to interference with current mental health difficulties and tolerating stress and pressures typically found in an entry level workplace due to interference with current mental health difficulties.

The ALJ "bears the primary responsibility for assessing a claimant's [RFC] based on all relevant evidence." *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000). In determining a claimant's RFC, the ALJ must consider all relevant evidence, including medical records, observations of treating physicians and others, and a claimant's own

3

descriptions of his or her limitations. *See Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (same) (citation omitted). The Eighth Circuit has held that "a claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). "[S]ome medical evidence must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace." *Id.* (quotation marks and citations omitted).

The Court finds that remand is appropriate in this case because the ALJ's RFC does not adequately incorporate Dr. Trulsen's limitations for Plaintiff, which the ALJ gave significant weight, with respect to carrying out work-like tasks with reasonable persistence and pace due to interference with current mental health difficulties and tolerating stress and pressures typically found in an entry level workplace due to interference with current mental health difficulties. *See Evenson v. Colvin*, No. CV 16-969 (MJD/BRT), 2017 WL 2773541, at *9 (D. Minn. May 22, 2017) ("[I]f the ALJ gives Dr. Smith's opinion great weight and finds that limitations for pace and persistence and work stressors are warranted, then he must adjust his RFC to reflect those limitations."), *R.&R. adopted sub nom.*, 2017 WL 2773527 (D. Minn. June 26, 2017); *see also Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996).

It might be, as the Commissioner has argued, that the ALJ thought that the limitations with regard to usual and routine work settings and simple tasks were sufficient to account for Dr. Trulsen's limitations, or it may be that the ALJ discounted Dr. Trulsen's opinion on those points. But the Court cannot determine which of those two it

4

is, and the Court also cannot discern what the ALJ's reasoning would have been for either because nothing in her decision addressed them, leaving the Court to guess as to her possible rationale.  *See Evenson*, 2017 WL 2773541, at *10 (citation omitted).  In other words, the Court cannot affirm the decision because there is some rationale that might support the ALJ's decision where the ALJ has not stated that basis for her decision and the support for that decision.  *See Moore v. Berryhill*, No. CV 16-3585 (MJD/BRT), 2017 WL 6939163, at *9 (D. Minn. Dec. 12, 2017), *R.&R. adopted*, 2018 WL 385465 (D. Minn. Jan. 11, 2018) ("When the ALJ fails to state with at least some measure of clarity the grounds for his decision, courts will decline to affirm simply because some rationale might have supported the ALJ's conclusion.") (cleaned up).

      This matter is remanded back to the ALJ to clarify the RFC with respect to Dr. Trulsen's opinion and to elicit further testimony from a vocational expert based on a revised hypothetical that accounts for all of Plaintiff's impairments based on evidence in the record as a whole.[1]  *See Hulsey v. Astrue*, 622 F.3d 917, 922 (8th Cir. 2010) ("A vocational expert's testimony constitutes substantial evidence when it is based on a hypothetical that accounts for all of the claimant's proven impairments.").

---

[1]    If further proceedings are needed to clarify the record as to Plaintiff's limitations the ALJ may open the record.  If the ALJ can clarify the record that currently exists, she may do so.

## ORDER

Based on the above, and on the files, records, and proceedings herein, and for the reasons stated on the records at the hearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (Dkt. 17) is **GRANTED**;

2. Defendant Commissioner of Social Security Andrew Saul's Motion for Summary Judgment (Dkt. 20) is **DENIED**;

3. This case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings consistent with the Court's Order as set forth on the record; and

4. This case is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: February 9, 2021            *s/Elizabeth Cowan Wright*
                                   ELIZABETH COWAN WRIGHT
                                   United States Magistrate Judge